**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SOUTHERN-OWNERS INSURANCE**
**COMPANY,**

      **Plaintiff,**

**v.**                                                                 **Case No: 5:20-cv-384-JSM-PRL**

**PHONEX REALTY HOMES, INC.,**
**ALAN TARPELL, RICHARD**
**ARRIGHI, KEITH CLARKE, KIM**
**DISALVO, JAMES SCELFO, BAE**
**SCELFO and PATRICK J. DISALVO,**

      **Defendants.**

---

**ORDER**

As set forth in the Court's prior Order (Doc. 87), Plaintiff was directed to show cause why its motions for Clerk's default should be granted as to Defendants Alan Tarpell, Richard Arrighi, and Phonex Realty Homes, Inc. Plaintiff previously sought Clerk's entry of default against these Defendants as to the Second Amended Complaint (Doc. 75). In the Court's Order, Plaintiff was also directed to address whether the requirements of Rule 5 of the Federal Rules of Civil Procedure had been fully satisfied and whether the Second Amended Complaint asserts a new claim for relief against any of the parties against whom Clerk's default is sought.

In a belated filing, Plaintiff has responded to the Court's Order. (Doc. 88). As to Alan Tarpell and Phonex Realty Homes, Plaintiff recites that "the addresses listed in the Certificate of Service in SOUTHERN-OWNERS' Second Amended Complaint for Declaratory Judgment (the "Second Amended Complaint") (Doc. 75) match the addresses at which PRH

and TARPELL were served." Plaintiff also recites that "[t]he Second Amended Complaint, like the Complaint and Amended Complaint, consists of a single cause of action seeking declaratory relief pertaining to SOUTHERN-OWNERS' coverage, if any, with respect to the Underlying Action. The Second Amended Complaint does not assert a new claim for relief against PRH, ARRIGHI, and/or TARPELL." (Doc. 88).

Typically when serving a pleading subsequent, such as the second amended complaint, the plaintiff need only mail a copy of the pleading to the last known address of the person served. *See* Fed.R.Civ.P. 5(b)(2)(B); *see also* Fed.R.Civ.P. 5(a). That said, Rule 5(a)(2) requires that a pleading that asserts a new claim for relief against a party that has failed to appear must be served on that party under Rule 4.

Based on Plaintiff's representations and a review of the docket, it appears that Plaintiff's motions for Clerk's default are due to be granted. As to Alan Tarpell and Phonex Realty Homes, Inc., the address at which they were previously served by a process server with the original complaint exactly matches the address at which they were served via mail with the amended complaint and second amended complaint. (See Docs. 18, 19, 55 & 75). As to Richard Arrighi, Plaintiff points out that the address recorded as being where he was served with the original complaint is listed as 1752 Cobblestone Lane, Clermont, Florida, but that appears to be merely a clerical error on the part of the process server as his address is correctly listed in the second amended complaint and the amended complaint as 17521 Cobblestone Lane, Clermont, Florida. Plaintiff's supposition appears to be correct and, in any event, Arrighi subsequently filed an answer while represented by counsel and did not raise the issue of improper service. (Doc. 31).

Accordingly, upon due consideration, Plaintiff's motions for Clerk's entry of default

(Docs. 78, 79 & 80) are due to be granted.

**DONE** and **ORDERED** in Ocala, Florida on November 17, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties